**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:04CR391 |
| ) | The Honorable Robert E. Payne |
| DAVID VERNARD SPARKS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S UNOPPOSED MOTION TO REDUCE SENTENCE
PURSUANT TO TITLE 18 U.S.C. § 3582(c)**

COMES NOW the Defendant, David Vernard Sparks, by and through counsel, and respectfully moves this Court pursuant to 18 U.S.C. § 3582(c) for an order reducing his term of imprisonment from 151 months to 130 months, effective November 1, 2015.[1]

**PROCEDURAL BACKGROUND**

On December 8, 2004, Mr. Sparks was charged with possession with intent to distribute fifty grams or more of cocaine base, in violation of Title 21, U.S.C. § 841(a)(1). On January 18, 2005, Mr. Sparks entered a guilty plea in accordance with the terms of a written plea agreement. The advisory guideline range in the Presentence Report ("PSR") was 188-235 months. On April 14, 2005, the Court imposed a sentence of 188 months of imprisonment. In light of the 2007 changes to the crack cocaine federal sentencing guideline, the Court reduced Mr. Sparks' sentence to 151 months on May 13, 2010. Pursuant to the recent changes to the drug quantity table in the federal sentencing guidelines, the Defendant now requests that the Court reduce his sentence to 130 months, effective November 1, 2015.

**ARGUMENT**

Effective November 1, 2014, the U.S. Sentencing Commission amended U.S.S.G. § 2D1.1 to change the base offense levels in the drug quantity table. *See* U.S.S.G. App. C amend. 782. The amendment generally reduces by two levels the base offense levels assigned to the drug quantities

---

[1] Mr. Sparks' current projected release date is December 1, 2015.

in § 2D1.1, and makes corresponding changes to § 2D1.11. *See id.* On July 18, 2014, the Commission unanimously voted to make this amendment retroactive as of November 1, 2014. However, the Commission also added a special instruction that the effective date of any order reducing a term of imprisonment based on Amendment 782 must be November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(e)(1). Under U.S.S.G. § 1B1.10, Mr. Sparks is eligible for relief under the amended advisory guideline range. Pursuant to 18 U.S.C. § 3582(c), this Court has the authority to reduce Mr. Sparks' sentence.

A. **The Court Has the Authority under 18 U.S.C. § 3582(c) to Reduce Mr. Sparks' Sentence.**

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As discussed below, the Sentencing Commission has lowered the range applicable to Mr. Sparks' sentence. Therefore, the Court has authority pursuant to 18 U.S.C. § 3582(c) to reduce Mr. Sparks' sentence.

B. **The Defendant is Eligible for Relief under U.S.S.G. § 1B1.10.**

U.S.S.G. § 1B1.10 states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Amendment 782 is listed in subsection (d). *See* U.S.S.G. § 1B1.10(d).

The advisory guideline range applicable to Mr. Sparks' sentence has been lowered. Specifically, retroactive application of Amendment 782 changes the applicable offense level and corresponding advisory guideline range as follows:

| **Guideline Calculation** | | | |
|---|---|---|---|
| Drug Type and Quantity: crack, 271.44g (969.312kg marijuana equivalent), powder cocaine, 197.51g (39.502kg marijuana equivalent), total marijuana equivalent of 1,008.81kg (*see* PSR ¶9; Drug guidelines amendment application worksheet, Doc. 48) | | | |
| | **Sentencing** | **Amend. 706** | **Amend. 782** |
| Date: | April 14, 2005 | May 13, 2010 | |
| Base Offense Level: | 34 | 32 | 30 |
| Acceptance of Responsibility: | -3 | -3 | -3 |
| Adjusted Offense Level: | 31 | 29 | 27 |
| Criminal History Category: | VI | VI | VI |
| Guideline Range: | 188-235 months | 151-188 months | 130-162 months |
| Mandatory Minimum: | 120 months | 120 months | 120 months |
| Sentence Imposed: | 188 months | 151 months | |

The Court originally imposed a sentence of 188 months, which fell at the low-end of Mr. Sparks' applicable guideline range. After the passage of Amendment 706, the Court reduced Mr. Sparks' sentence to 151 months. Because the advisory guideline range applicable to Mr. Sparks has been lowered by Amendment 782, U.S.S.G. § 1B1.10 provides that he is eligible for a further reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Specifically, Mr. Sparks' amended guideline range is 130-162 months, subject to a statutory mandatory minimum of 120 months. A reduction at the same point of the amended guideline range as his original sentence and prior reduction results in a sentence of 130 months.

A reduction of Mr. Sparks' sentence is consistent with the policy statements in U.S.S.G. §1B1.10. First, the exclusions in §1B1.10(a)(2)—prohibiting relief if the amended guideline is not retroactive or does not lower the defendant's guideline range—do not apply to Mr. Sparks. As noted above, Amendment 782 has been made retroactive and does lower Mr. Sparks' guideline range. Second, §1B1.10(b)(2)(A) prohibits sentence reductions below the amended advisory guideline

range. Mr. Sparks seeks a sentence reduction from 151 months to 130 months, a reduction within his amended guideline range. Finally, the application notes to the policy statement direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. *See* U.S.S.G. § 1B1.10, comment. n.1(B)(ii) and (iii). According to the progress report prepared by the Bureau of Prisons, Mr. Sparks has no instances of misconduct while incarcerated. A reduction in Mr. Sparks' sentence is therefore appropriate.

U.S.S.G. § 1B1.10(e)(1) provides that "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." However, the application notes to § 1B1.10 state that "[s]ubsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c) . . . before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10 app. note 6.

Based upon the foregoing, Mr. Sparks is eligible for relief under U.S.S.G. § 1B1.10, and a reduction in his sentence is consistent with that policy statement. Therefore, the Court should exercise its authority under 18 U.S.C. § 3582(c) and reduce his sentence to 130 months, effective November 1, 2015.

**C.     The Government Does Not Oppose The Defendant's Motion.**

Counsel for the defendant has conferred with counsel of record for the government. The government does not oppose the instant motion for relief. The government agrees that the defendant is eligible for relief, and similarly recommends a reduction from 151 months to 130 months.

## CONCLUSION

For these reasons, the Defendant respectfully requests that the Court enter the proposed Order attached hereto and reduce his sentence to 130 months, effective November 1, 2015.

Respectfully submitted,

**DAVID VERNARD SPARKS**

By: _____/s/_____

Valencia D. Roberts
Virginia Bar Number 44999
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
(804) 565-0885
(804) 648-5033 (fax)
Valencia_Roberts@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2015, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Angela Mastandrea-Miller
> Office of the United States Attorney
> 600 E. Main Street, Suite 1800
> Richmond, Virginia 23219
> angela.miller3@usdoj.gov

By: _____/s/_____

Valencia D. Roberts
Virginia Bar Number 44999
Office of the Federal Public Defender
701 East Broad Street, Suite 3600
Richmond, VA 23219
(804) 565-0885
(804) 648-5033 (fax)
Valencia_Roberts@fd.org